JOHN D. WHITE, plaintiff in error, *v.* JOSEPH C. FRYE, defendant in error.

*Error to Peoria.*

A petition for a *Certiorari* set forth, that the petitioner was a poor man, and that it took him several days after the rendition of judgment to procure security on the appeal bond; that fourteen or fifteen days after the rendition of judgment, he called at the justice's office for the purpose of procuring the proper papers, and perfecting his appeal, but the justice was absent from his office, and the petitioner after diligent inquiry, was unable to learn where he was; that on the last day when he could have taken the appeal, he again called at the justice's office, and again failed to find him, making the same inquiry as at the first time: *Held,* that the facts stated in the petition did not warrant the *Certiorari.*

The Circuit Court has the power to decide on the sufficiency of a petition for a *Certiorari,* though the Judge ordered the writ to issue on such petition.

CERTIORARI, in the Peoria Circuit Court, by the plaintiff in error against the defendant in error. The writ was dismissed at the May term 1844, on motion of the plaintiff below, by the Hon. John D. Caton, who granted the writ.

The substance of the petition, on which the writ issued, is set forth in the Opinion of the Court.

*O. Peters,* for the plaintiff in error.

I. The petition contains the three requisites of the statute, to wit:

1. That the judgment was not the result of negligence. Appearing before the justice and defending, and producing what petitioner believed to be conclusive evidence that no cause of action existed, excludes the idea of negligence.

2. That the judgment was unjust. No cause of action existed against the defendant below in favor of the plaintiff, sufficiently shows that the judgment was unjust.

3. That it was not in the power of the petitioner to take an appeal in the ordinary way. The petitioner found the justice absent on the 14th or 15th, and on the 20th day after the appeal; made diligent inquiry and search, and could not find him. This is as much as should be required of a poor man. Impossibility is not required.

Twenty days are allowed him to take his appeal. R. L. 395, §30. He has till the last of the twenty days to do it in. It is sufficient, if "he set out with precision such facts and "circumstances as show that it was not in his power to take "an apppeal in the ordinary way by the exercise of every "reasonable degree of attention and care," *Cushman* v. *Rice,* 1 Scam. 566.

If he shows that injustice has been done, and in what the injustice consists, his appeal shall be allowed. *Yunt* v. *Brown,* 1 Scam. 264.

II. The granting of the writ is matter of discretion with the Judge, or Probate Justice, and having ordered the writ to issue, and the record, i. e. the papers, &c. of the magistrate having been sent up to the Circuit Court, the appeal is perfected, and the Circuit Court has only to try the case on the merits. The Circuit Court ought not to try the question which has been determined by one authorized by law to do so.

The statute is not compulsory, but confers a discretionary power. R. L. 325, §§ 72–74. A *certiorari* will not be dis-

missed, on the ground that the facts of the petition are insufficient, if the Judge who ordered the writ, deemed the facts sufficient.   *Casey* v. *Bryant*, 1 Stewart & Porter, 51, cited in 1 U. S. Dig. 497, § 150, title *"Certiorari."*

The same diligence as shown here would authorize a Court of Chancery to interfere and stay the judgment.   *Saunders* v. *Jennings*, 2 J. J. Marsh. 513.

The decision of an inferior tribunal, or ministerial officer, in matters of discretion will not be controlled.   *Warren Co.* v. *Daniel*, 2 Bibb, 574; *Chase* v. *Blackstone Canal Co.* 10 Pick. 246; *U. S.* v. *Lawrence*, 3 Dall. 42; S. C., 1 Peters' Cond. R. 20; *Life & F. Ins. Co. N. Y.* v. *Adams*, 9 Peters, 602; *Hayward*, Petitioner, &c. 10 Pick. 358.

*J. B. Thomas*, for the defendant in error.

There was no error in the judgment of the Court below dismissing the *certiorari*, as the petitioner did not show, as the statute requires, that it was not in his power to take an appeal in the ordinary way.   R. L. 396, § 37; *Cushman* v. *Rice*, 1 Scam. 566; *Yunt* v. *Brown*, Ib. 264.

The Court has no power to dismiss an appeal when granted by the Probate Justice.

The Opinion of the Court was delivered by

KOERNER, J.*   On the 9th day of January, 1844, Frye, the defendant in error recovered a judgment before J. K. Cooper, a justice of the peace in Peoria county, against White, the plaintiff in error, for $77·97. Twenty days having elapsed since the rendition of the judgment, White removed the cause into the Circuit Court of Peoria county by writ of certiorari.   At the May term following, the case was dismissed on motion of defendant in error, for insufficiency of the petition upon which the certiorari had been granted.

The decision of the Court in allowing this motion and dismissing the appeal, is the only error assigned.

---

* PURPLE, J., having been of counsel in the Court below, did not sit in this case.   WILSON, C. J., did not hear the argument, &c.

. The petition alleges, that the appellant has merits, and that the judgment of the Court below was not the result of negligence on his part. It also sets forth the particular circumstances, which, in the appellant's opinion, placed it beyond his power to take an appeal in the ordinary way. These circumstances, however, in the opinion of the Court, are not sufficient to warrant such a conclusion, and the petition is therefore considered to be defective in this respect.

On this last point, the petition in substance alleges, that the plaintiff in error was a poor man; that in consequence it took him several days after the rendition of the judgment to procure security on the appeal bond; that fourteen or fifteen days after the judgment was rendered, he called at the office of the justice in the town of Peoria for the purpose of procuring the proper papers, and perfecting his appeal; that the justice was then absent from his office, and that the petitioner, after diligent inquiry, was unable to learn where said justice was; that on the last day, when he could have taken the appeal, he made another call at said justice's office, and again failed to find him, making the same inquiry as the first time.

There is no doubt that under certain circumstances, the attention shown in this particular case, might be held to have been sufficient. If, for instance, the petitioner could have shown, that he resided far from town, and that he had no means of readily communicating with the justice, by letter or otherwise, or, that by some pressing business, he was prevented from repeating his calls.

No such additional facts, however, have been presented in the petition, and the Court cannot indulge in presumptions favorable to the petitioner, but will rather presume from their absence, that he lived within the justice's precinct, and that he had the usual means of communicating with him. He was not compelled to perfect his appeal before the justice, but could have entered his appeal with the clerk, and all he had to do was to procure simply a copy of the judgment from the justice; a matter, which under ordinary circumstances, is certainly not very difficult, and requires not even per-

sonal attendance on the justice.    All the facts set forth in the petition might have been true to the letter, and yet the applicant might have been guilty of great carelessness and neglect.

It was insisted in the argument, that the Circuit Court had no power to decide on the sufficiency of the petition, inasmuch as the authority to grant writs of certiorari was delegated to certain officers designated by the law, and that their decision by allowing the writ, was conclusive.    We deem this proposition not maintainable.    The granting of these writs, is more of a ministerial than judicial character, and is besides an *ex parte* proceeding, giving the party which is to be affected by it no opportunity to resist it.    It would be singular indeed, if the Circuit Court had no revisory power over such a proceeding.    It might as well be argued, that no objection could be taken to an appeal bond, because the justice of the peace or the clerk of the Circuit Court had approved it.    Principle, practice, and the former decisions of this Court negative this proposition.

We can see no error in the record.    Judgment below affirmed with costs.

*Judgment affirmed.*